

**U.S. Department of Justice**



*United States Attorney*
*Eastern District of New York*

SLT:TJS
F.#2010R01816/OCDETF # NY-NYE-666

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 15, 2012

<u>By Hand and ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  <u>United States v. Kevin Lee</u>
            <u>Criminal Docket No. 10-809(KAM)</u>

Dear Judge Matsumoto:

      The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for March 2, 2012.  For the reasons set forth below, the government respectfully submits that the Court should sentence the defendant within the advisory Guidelines range of 30 to 37 months.

I.    <u>Background</u>

      On October 7, 2010, the defendant was arrested along with 17 other individuals during the execution of a search warrant at 133-37 147th Street, Queens, New York.  When the search began, the defendant fled the area, taking law enforcement officers on a chase across over ten lanes of traffic including the busy Belt Parkway and two service roads adjacent to it.  Over 100 kilograms of marijuana and two firearms were also seized at the 147th Street address that day.

      On August 4, 2011, the defendant pleaded guilty to Count One of the third superseding indictment charging him with conspiring to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, pursuant to a plea agreement with the government.  In the plea agreement, the government calculated the defendant's offense level as 21, which, because the defendant is in Criminal History Category I, results

in a range of imprisonment of 37 to 46 months.[1]  On October 3, 2011, the defendant proffered with the government, satisfying the requirements for the application of the "safety valve."  As a result, the defendant's adjusted offense level should be decreased by two levels, resulting in an offense level of 19 and a Guideline Range of imprisonment of 30 to 37 months.

II.  Argument

In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of United States v. Booker, 543 U.S. 220 (2005):

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a sentencing judge should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [the judge] may not presume that the Guidelines range is reasonable.  [The judge] must make an individualized assessment based on the facts presented."  Id. at 49-50 (citation and footnote omitted).

The government respectfully submits that in this case, a sentence within the advisory Guidelines range is appropriate to reflect the nature and circumstances of the offense and the history and characteristics of the defendant, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.  See 18 U.S.C. § 3553(a)(1) and (2).  The defendant knowingly associated himself with a drug organization that used firearms and violence to control its territory.  While Lee may not have been an enforcer in the organization, he was not merely a dimebag marijuana seller.  Rather, he was deeply involved in the organization.  He sold hundreds of pounds of marijuana for it and even traveled to Arizona with the organization's leader, Christopher Barret, on

---

[1] Notwithstanding the fact that the Pre-Sentence Report provides no role adjustment in its Guidelines calculation, the government stands by the Guidelines calculation in the plea agreement.

two occasions so that they could deliver money to the organization's marijuana supplier, Clifton Williams. A sentence within the advisory Guidelines range is just based on Lee's level of involvement with the organization.

The Court should also consider the reckless disregard for human life that Lee demonstrated when he fled from law enforcement officers across the Belt Parkway and adjacent service roads. During the course of that attempted escape through heavy traffic, any number of people could have been killed or seriously injured, including the numerous motorists who had to avoid Lee, the law enforcement officers attempting to apprehend him, or Lee himself. Even aside from his significant criminal conduct in this case, Lee's reckless flight is an aggravating factor that calls for more serious punishment than the less than 15 months that the defendant seeks.

III. Conclusion

For the foregoing reasons, the government respectfully submits that the Court should sentence the defendant to a term of imprisonment within the advisory Guidelines range of 30 to 37 months.

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        United States Attorney

By:           /s/
     Tyler J. Smith
     Assistant U.S. Attorney
     (718) 254-6186

cc:  Clerk of Court (By ECF)
    Curtis Farber, Esq. (By ECF)
    Patricia Sullivan, Probation Department (By Email)